IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

    Plaintiff,

v.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

    Defendants.

---

### RECOMMENDATION RE: MOTION TO VACATE DISCOVERY AND TRIAL DATES

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Joint Motion to Vacate Deadlines Established by Trial Preparation Conference Order and Scheduling Order [filed June 15, 2010; docket #62], which the Court construes as a motion for a temporary stay of proceedings in this case. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for disposition; however, because the matter involves a schedule set by Judge Blackburn, this Court finds that a recommendation is appropriate. For the reasons that follow, I respectfully recommend that the motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the

**I.    Background**

Plaintiff initiated this action on July 8, 2009. In essence, Plaintiff, on behalf of himself and others similarly situated, alleges that Defendants have failed to pay minimum wage and have failed to reimburse employees for job-related expenses. *See* Complaint, docket #1, at 1-2. This Court entered a Scheduling Order on September 18, 2009, and Judge Blackburn issued a Trial Preparation Conference Order on September 21, 2009. Dockets #20 & #21. On November 2, 2009, Plaintiff filed a motion for conditional collective action and class certification. *See* docket #29. Shortly thereafter, on November 25, 2009, Defendants filed a motion for summary judgment on Plaintiff's claims. Docket #35. Both motions remain pending before the District Court.

Through the present motion, the parties essentially seek a temporary stay of proceedings pending resolution of the motions for summary judgment and class certification. The parties assert "[u]ntil the Court resolves the outstanding issues raised in the pending motions, the Parties cannot complete discovery because the scope of discovery remains unknown, and the Parties cannot adequately prepare for trial." Docket #62 at 2.

**II.    Discussion**

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). However, some discovery has apparently proceeded in this case since the entry of the Scheduling

---

aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Order seven months ago; here, the parties contend that they are unable to *complete* discovery due to the uncertainty of the scope of the current claims and issues. Certainly, resolution of the motion for summary judgment and the motion for class certification may result in either a vast expansion or vast reduction of the claims, parties and issues in this case. This Court finds that the general interests of controlling the court's docket and the fair administration of justice require that the parties' request to vacate the current deadlines and temporarily stay proceedings be granted. Consequently, the Court recommends that the District Court grant a temporary stay of the proceedings in this matter pending the disposition of the motions for class certification and for summary judgment.

**III.  Conclusion**

Accordingly, for the reasons stated above, this Court respectfully RECOMMENDS that the Joint Motion to Vacate Deadlines Established by Trial Preparation Conference Order and Scheduling Order [filed June 15, 2010; docket #62], construed as a motion for a temporary stay of proceedings, be **granted** and the parties ordered to file a status report following a ruling on the pending motions for summary judgment and/or for class certification.

Dated at Denver, Colorado, this 18th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge