IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No 09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

    Plaintiff,

vs.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND CLASS CERTIFICATION

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Conditional Collective Action Certification and Class Action Certification** [#29][1] filed November 2, 2009. The defendants filed a response [#34], and the plaintiffs filed a notice of supplemental authority [#65]. I grant the motion for conditional collective action certification, and I deny, without prejudice, the motion for class action certification.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  BACKGROUND

This case concerns claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 - 219 and under the Colorado Minimum Wage of Workers Act (CMWWA), §§8-6-101 - 8-6-119, C.R.S.  The plaintiffs were employed by the defendants as pizza delivery drivers.  The plaintiffs allege that the defendants violated the FLSA and the CMWWA because the defendants failed to pay the plaintiffs and others similarly situated the minimum hourly wage required by the FLSA and the CMWWA.  The plaintiffs allege that, as a condition of their employment, they were required to maintain and pay for operable, safe, and legally-compliant cars for use in delivering pizza and other food.  In addition to these car expenses, the plaintiffs allege that, as a condition of their employment, they were required to incur other job-related expenses, including uniform and special apparel expenses, cellular telephone expenses, and other expenses.  The plaintiffs say there were paid an hourly wage at or near the federal minimum wage plus a set amount for each delivery as partial reimbursement for their car expenses.  Ultimately, the plaintiffs contend that their compensation minus the costs they were required to incur as a condition of their employment resulted in payment of hourly wages to them that were below the minimum wage required by the FLSA and the CMWWA.  The plaintiffs allege also that certain requirements imposed on delivery drivers employed by the defendants in Colorado violate the provisions of the CMWWA.  On behalf of themselves and other employees of the defendants who are or were similarly situated, the plaintiffs seek an award of compensatory damages, attorney fees, and costs.

The plaintiffs seek to have their FSLA claims certified as a collective action, as

permitted by 29 U.S.C. § 216(b), which is a part of the FSLA. The plaintiffs seek this certification on behalf of delivery drivers employed by the defendants in both Colorado and Minnesota. In addition, the plaintiffs seek to have their claims under the CMMWA certified as a class action, under FED. R. CIV. P. 23. The plaintiffs seek this certification on behalf of delivery drivers employed by the defendants in Colorado.

### III. FLSA COLLECTIVE ACTION

29 U.S.C. § 216(b), part of the Fair Labor Standards Act, provides in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences [including FLSA minimum wage requirement] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b).

> For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees similarly situated. Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.

***Grayson v. K Mart Corp.,*** 79 F.3d 1086, 1096 (11th Cir.) (internal quotations and citations omitted), **cert. denied** 519 U.S. 987, 519 U.S. 982 (1996). The United States Court of Appeals for the Tenth Circuit has approved the use of a two step analysis to determine whether named plaintiffs and putative class members are similarly situated for purposes of § 216(b). ***Thiessen v. General Electric Capital Corp.,*** 267 F.3d 1095, 1102 -1105 (10th Cir. 2001), **cert. denied**, 536 U.S. 934 (2002). First, the trial court

3

should make a "notice stage" determination by examining whether the plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (internal quotation and citation omitted). At the second step, after discovery is complete and often prompted by a motion to decertify, the court applies a more strict standard of similarly situated, examining, *inter alia*, any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations. *Id*. at 1102 - 1103.

I find and conclude that the plaintiffs have satisfied the first step of this two step analysis. The plaintiffs allege that the defendants' delivery drivers generally are subject to policies that result in the payment of wages to the drivers at a rate lower than that required by the FLSA. The declarations of the two named plaintiffs provide support, in terms of their individual circumstances, for the contention that the defendants' policies, generally applicable to delivery drivers, result in the payment of wages at a rate lower than that required by the FLSA. *Response to motion for summary judgment* [#51], Exhibits 1 & 2. The allegations in the complaint constitute substantial allegations that the putative class members were, as a group, the victims of a single decision, policy, or plan resulting in violations of the FLSA. With regard to the FLSA claims, those allegations encompass the defendants' current and former employees, employed as delivery drivers, in both Colorado and Minnesota. For the purpose of the plaintiffs' FLSA claims, this case properly is conditionally certified as a collective action on behalf of all current and former delivery drivers employed by defendants in the State of

Colorado and the State of Minnesota during the applicable statute of limitations. I approve the proposed form of notice, shown at Exhibit 10 to the motion for collective action certification and the consent to join form, shown at Exhibit 19 to the motion for collective action certification.

Under 29 U.S.C. § 255(a), a FLSA claim is subject to a two year statute of limitations, except that claims of a "wilful violation" are subject to a three year statute of limitations. The defendants argue that the plaintiffs have not alleged a wilful violation, and that, thus, any conditional collective action certification should be limited to two years before the complaint in this case was filed. Having reviewed the complaint [#1], I conclude that the plaintiffs have alleged wilful violation of the FLSA. Thus, for the purpose of this conditional collective action certification, the relevant time period is the three years prior to the filing of the complaint [#1] in this case.

## IV. CLASS ACTION CERTIFICATION - CMWWA CLAIMS

The plaintiffs seek certification of a class of plaintiffs, under FED. R. CIV. P. 23, for their claims under the CMWWA. The plaintiffs seek certification of a class of plaintiffs consisting of all current and former delivery drivers employed by defendants in the State of Colorado during the applicable statute of limitations for the purpose of resolving the claims under the CMWWA. The CMWWA is not applicable to the defendants' Minnesota employees, and those employees are not properly included in a class concerning those claims.

Under Rule 23, a class may be certified if several requirements are met. Rule 23(a) includes the following requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of those of the class, and; (4) the representative parties adequately will protect the interests of the class. If the requirements of Rule 23(a) are satisfied, then one of the alternative requirements outlined in Rule 23(b) also must be met. Class certification is a matter committed to the discretion of the trial court. **Anderson v. City of Albuquerque**, 690 F.2d 796, 799 (10th Cir. 1982). A certified class may be altered, expanded, subdivided, or abandoned as the case develops. **See, e.g., Daigle v. Shell Oil Co.**, 133 F.R.D. 600 (D. Colo. 1990); **Dubin v. Miller**, 132 F.R.D. 269, 270-75 (D. Colo. 1990).

> (A) district court may not evaluate the strength of a cause of action at the class certification stage, but it must determine, without passing judgment on whether plaintiffs will prevail on the merits, whether a plaintiff has satisfied the provisions of Rule 23.

**Vallario v. Vandehey**, 554 F.3d 1259, 1267 (10th Cir.2009) (internal quotation and citation omitted).

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all members of the class is impracticable. There is no minimum numerical threshold which must be exceeded to satisfy this requirement. Rather, the nature of the particular case, and the nature of the proposed class, are key considerations in determining whether joinder of all parties is not practical. **See, e.g., Horn v. Associated Wholesale Grocers, Inc.**, 555 F.2d 270, 274-76 (10th Cir. 1977).

On the current record, I conclude that the plaintiffs have failed to establish the first element of a certifiable class, numerosity, with respect to their CMWWA claims. "In class action suits there must be presented some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of

6

the numerosity requirement." ***Rex v. Owens ex rel. State of Okl.***, 585 F.2d 432, 436 (10th Cir. 1978). A plaintiff seeking class certification "must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." *Id*. The exact number of class members need not be pleaded or proven, but the impracticability of joinder must be positively shown, and cannot be speculative. ***Golden v. City of Columbus***, 404 F.3d 950, 966 (6th Cir. 2005) (quotation and citations omitted). A claim of numerosity that is based on speculation does not satisfy the numerosity requirement. *See, e.g., **Makuc v. American Honda Motor Co., Inc***., 835 F.2d 389, 394 - 395 (1st Cir. 1987); ***Golden***, 404 F.3d at 966; ***Alkire v. Irving***, 330 F.3d 802, 820 6th Cir. 2003). In short, to establish numerosity, there must be some evidence, aside from counsel's mere assertion, that the class is so numerous that joinder of all class members is impracticable.

The plaintiffs allege in their complaint [#1] that the defendants "have operated a chain of approximately eighty two (82) Papa John's stores in Colorado and Minnesota." *Complaint* [#1], ¶ 10. In their answer, the defendants admit this allegation. In their motion for class certification, the plaintiffs rely on this allegation, and the defendants' admission, to establish numerosity. *Motion* [#29], p. 16. However, the plaintiffs make no distinction between the number of delivery drivers employed by the defendants in Colorado and the number of delivery drivers employed by the defendants in Minnesota. The plaintiffs' proposed class for the purpose of the plaintiffs' CMWWA claims is limited to those employed by the defendants as delivery drivers in Colorado during the relevant time. Nothing in the record, including the allegations in the plaintiffs' complaint,

7

provides any indication of the number of stores operated by the defendants in Colorado or the number of people employed by the defendants as delivery drivers in Colorado during the relevant time.

Absent some evidence to support the numerosity requirement of Rule 23, the plaintiffs' motion for class certification must be denied. It is conceivable that the plaintiffs can remedy the current absence of evidence addressing the issue of numerosity. In light of this prospect, I deny the plaintiffs' motion for class certification without prejudice.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion for Conditional Collective Action Certification and Class Action Certification** [#29] filed November 2, 2009, is **GRANTED** as to the plaintiffs' request for conditional collective action certification of the plaintiffs' claims under the Fair Labor Standards Act;

2. That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the plaintiffs' claims under the Fair Labor Standards Act on behalf of all current and former delivery drivers employed by defendants in the State of Colorado and the State of Minnesota during the applicable statute of limitations;

3. That the proposed form of notice, shown at Exhibit 10 to the motion for collective action certification [#29], and the consent to join form, shown at Exhibit 19 to the motion for collective action certification [#29] are **APPROVED**;

4. That the defendants are **ORDERED** to provide to the plaintiff, on or before

8

October 15, 2010, the names, addresses, phone numbers, and e-mail addresses of the group of employees defined in paragraph two (2), above;

5. That the **Plaintiffs' Motion for Conditional Collective Action Certification and Class Action Certification** [#29] filed November 2, 2009, is **DENIED** without prejudice as to the plaintiffs' request for certification of a class of plaintiffs under FED. R. CIV. P. 23 for the purpose of the plaintiffs' claims under the Colorado Minimum Wage of Workers Act;

6. That if the plaintiffs wish to re-assert their motion for class action certification under FED. R. CIV. P. 23 for the purpose of the plaintiffs' claims under the Colorado Minimum Wage of Workers Act, then the plaintiffs **MAY RE-FILE** their motion on or before October 4, 2010; and

7. That any response and reply to such a motion shall be marshaled under D.C.COLO.LCivR 7.1.C.

Dated September 15, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge