IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

    Plaintiffs,

v.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

    Defendants.

## RECOMMENDATION ON MOTION TO AMEND

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Combined Motion for Leave to File First Amended Complaint and Add Party Defendants [filed February 15, 2011; docket #121]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for recommendation [docket #30]. The matter is fully briefed, and oral argument would not assist the Court in its consideration of this matter. While the Plaintiffs' motion does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of § 636(b)(1)(A) and (B). The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10th Cir. 1988)). An order denying a motion to amend may be dispositive if the order effectively precludes the filing of a claim for damages. *See Fuller v. Mickelson,* 2007 WL 3232595 (D. Colo. Oct. 31, 2007) (Daniel, J.) (citing *Nomura Sec. Int'l, Inc. v. E\*Trade Sec., Inc.,* 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)). For the reasons that

follow, the Court recommends that the District Court **deny** Plaintiffs' motion.[1]

## BACKGROUND

Shane Bass initiated this action on July 8, 2009, alleging, on behalf of himself and others similarly situated, that Defendants have failed to pay minimum wage by failing to reimburse employees for job-related expenses; failed to pay the costs, maintenance and cleaning of uniforms and other apparel; and denied gratuities owed and belonging to Plaintiffs. *See* Complaint, docket #1, at 1-2. This Court entered a Scheduling Order on September 18, 2009, and Judge Blackburn issued a Trial Preparation Conference Order on September 21, 2009. *See* dockets #20 & #21. As set forth in the Scheduling Order, the Court determined that it would set a deadline for joinder of parties and amendment of pleadings after a ruling on the Plaintiffs' motion for class and collective action certification. Scheduling Order, ¶8.a., docket #21 at 6.

On November 2, 2009, Bass filed a motion for conditional collective action and class action certification. *See* docket #29. Shortly thereafter, on November 25, 2009, Defendants filed a motion for summary judgment on Bass' claims. Docket #35. On September 15, 2010, Judge Blackburn denied the Defendants' summary judgment motion, granted Bass' request for conditional certification of the collective action under the Fair Labor Standards Act ("FLSA"), and denied without prejudice Bass' request for class action certification for lack of evidence of numerosity

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

pursuant to Fed. R. Civ. P. 23. *See* dockets #66 and #67. Plaintiffs filed an Amended Motion for Class Certification on October 4, 2010 (*see* docket #73), and that motion remains pending.

Thereafter, Judge Blackburn issued a Second Trial Preparation Conference Order setting this case for trial on July 11, 2011. Docket #82. Accordingly, this Court entered a Supplemental Scheduling Order on December 14, 2010, extending the dispositive motions deadline to April 29, 2011 and the discovery deadline to May 31, 2011. Docket #91. Because the Motion for Class Certification remains pending, no deadline for joinder of parties and amendment of pleadings has been set.

## I.   Proposed Amendments

Through their proposed First Amended Complaint, the Plaintiffs seek to add two individual defendants to their FLSA claims, as well as "additional details concerning their prior allegations based on the evidence obtained to date without changing the nature of the claims they assert." Motion, ¶¶ 15-16, docket #121 at 4. Plaintiffs contend that Cliff Harris, Chief Executive Officer, and Brian Mills, Chief Operating Officer, are individually liable for their FLSA claims and are properly joined as defendants pursuant to Fed. R. Civ. P. 20(a)(2). Plaintiffs offer no further specifics about the additional factual allegations; however, the Defendants note that the proposed First Amended Complaint contains a total of 128 paragraphs of allegations, whereas the original Complaint contains only 90. Response, docket #145 at 4.

## II.   Briefing on the Motion

Defendants contend that Plaintiffs' request for amendment is unduly delayed, unduly prejudicial, and futile. Defendants argue that, while the timing of the motion may not be subject to a deadline set by the Court, the facts supporting joinder of the proposed defendants were known to the Plaintiffs many months before the motion was filed. Moreover, Defendants claim undue

prejudice by the addition of two new defendants and 38 paragraphs of factual allegations considering the short amount of time left for discovery, dispositive motions and preparation for the July 11, 2011 trial, which the Defendants do not wish to continue.  Finally, Defendants assert that the proposed amendments are futile, arguing that the FLSA claims against the two new defendants are "wanting" in that they do not contain allegations describing knowledge by the corporate officers of the FLSA violations.

Plaintiffs counter that the motion to amend is timely since they "only recently" learned in a deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) that facts concerning Mr. Harris and Mr. Mills meet an essential element necessary to prove individual liability under the FLSA; that is, they each possess substantial ownership in the employing company.  Plaintiffs also argue that they sought to conduct discovery earlier, but were delayed by discovery disputes concerning documents and information needed to depose the corporate officers, by Defendants' insistence of a new scheduling order after the rulings on the certification and summary judgment motions, and by Defendants' two-month delay in producing Mr. Mills after Plaintiffs first requested the deposition.  Finally, Plaintiffs assert that their claims against the new defendants are sufficiently stated under the FLSA, as they are supported by allegations of knowledge on the part of the defendants despite the fact that allegations concerning knowledge are unnecessary.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a) (2008).  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**I.      Plaintiffs' Proposed Amendments are Unduly Delayed**

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Frank,* 3 F.3d at 1365-66. Thus, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay [] raising [an] issue until the 'eve of trial.'" *Minter*, 451 F.3d at 1206 (citations omitted).

Denial of an amendment is also appropriate when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("[t]he unexplained delay alone justifies the district court's discretionary decision."); *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.") (citations omitted).

A.      <u>Joinder of New Defendants</u>

Plaintiffs' motion implicates not only Rule 15(a), but also Rule 20(a)(2) which permits joinder of defendants in a single action if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to its pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, at *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Here, Plaintiffs argue they had no knowledge that Mr. Mills and Mr. Harris were each 50% owners in PJCOMN until a January 17, 2011 deposition and, thus, could not, until then, allege individual liability claims against them pursuant to the FLSA. Citing an opinion from the District of New Mexico, Plaintiffs assert "[c]orporate officers who have a substantial ownership interest in the corporation, and who are directly involved in decisions affecting employee compensation, may be held personally liable under the FLSA." Reply, ¶II.A., docket #152 at 2 (citing *Saavedra v. Lowe's Home Ctrs., Inc.*, -- F. Supp.2d --, 2010 WL 3656008, at *11 (D.N.M. Sept. 2, 2010)). Plaintiffs rely primarily on this statement in *Saavedra* for their proposition that the three essential elements necessary to prove individual liability under the FLSA are "(1) corporate office[r], (2) substantial corporate ownership, and ([3]) direct involvement in decisions affecting employee compensation." *Id.* As set forth above, Plaintiffs contend that they did not have knowledge of the

6

second element until the January 2011 deposition of Mr. Mills.

Plaintiffs' argument is flawed in a number of respects. First, even were the statement made in *Saavedra* a holding (as opposed to dicta), this Court is not bound by it. Second, the *Saavedra* court did not address a question concerning individual liability under the FLSA, as is relevant here. Rather, the court addressed a motion to dismiss a claim under the Family and Medical Leave Act ("FMLA") against an individual. In its analysis, the court likened the FMLA to the FLSA for purposes of review, and made the above-quoted statement in setting forth interpretations of different courts' opinions concerning employer liability under the FLSA. In so doing, *Saavedra* made the above-quoted statement in <u>dicta</u> and cited *Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983). The *Saavedra* court proceeded to analyze the defendant's personal liability under the "economic realities test" set forth in *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436 (10th Cir. 1998), and held – without examining whether the defendant, a human resources manager, had substantial corporate ownership in the employing company – that the plaintiff sufficiently pled allegations supporting a claim for individual liability under the FMLA. *Saavedra*, 2010 WL 3656008, at *18.

Notably, the holding in *Donovan* is much more narrow than that stated in *Saavedra*; the *Donovan* court held that liability under the FLSA may attach to "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of nonpayment." *Id.* at 1514. In so holding, the court noted that it had taken an "economic reality" approach to the facts of the case. *Id.*

There is no indication that the Tenth Circuit has followed *Donovan*'s holding. *See Herr v. Heiman*, 75 F.3d 1509, 1515 (10th Cir. 1996) (declining to consider the "'operational control' theory [of liability] applied by the First Circuit in Fair Labor Standard Act cases" as raised for the first time

on appeal).[2]  In fact, the Tenth Circuit has not squarely addressed the question of individual liability under the FLSA.  Rather, the Tenth Circuit has noted that there exist certain factors relevant to determine an employee/employer relationship under the FLSA pursuant to the "economic reality test."  *See Baker*, 137 F.3d at 1440.  The court states: "[t]he economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records."  *Id.*  Other courts have directly analyzed personal liability issues utilizing these economic realities factors.  *See, e.g., Saavedra*, *supra*; *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Lanzetta v. Florio's Enters., Inc.*, -- F. Supp. 2d --, 2011 WL 253961, at *8 (S.D.N.Y. Jan. 25, 2011); *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 6 (D.D.C. 2010) (utilizing both the economic realities factors and operational control theory); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 246 (W.D.N.Y. 2009).  *But see Baystate*, 163 F.3d at 677 (finding the "well-established elements of the economic reality test" not applicable to a determination of individual liability, as opposed to corporate liability); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (applying operational control theory to individual liability determination).

Mindful that the Tenth Circuit has not addressed the individual liability issue and that courts

---

[2]A court in this district has, however, applied the "operational control" theory in addressing a motion to dismiss an FLSA claim against an individual defendant.  *See Does v. Rodriguez*, No. 06-cv-00805-LTB, 2007 WL 684117 (D. Colo. March 2, 2007).  The court cited *Baystate Alternative Staffing v. Herman*, 163 F.3d 668 (1st Cir. 1998), which, in turn, cited *Donovan* for the proposition that an individual may be held liable under the FLSA based on such factors as "the significant ownership interest of the corporate officers; their operational control of significant aspects of the corporations' day to day functions, including compensation of employees; and the fact that they personally made decisions to continue operating the business despite financial adversity and the company's inability to fulfill its statutory obligations to its employees."  *Id.* at *8.  The court held that allegations stating the defendant was the sole owner of the farm where the workers did most of their work, had operational control of the business, and was aware of the illegal deductions from the workers' pay satisfied Fed. R. Civ. P. 8 requirements.

differ as to the proper analysis for determining personal liability under the FLSA, this Court cannot agree with Plaintiffs that "substantial corporate ownership" is an essential element necessitating confirmation through deposition before alleging individual FLSA liability in this district.[3] Even if it were, however, the Court agrees with Defendants that Plaintiffs were on inquiry notice to seek discovery of Mr. Mills' and other officers' potential corporate ownership and control through Mr. Mills' affidavit submitted with Defendants' Motion for Summary Judgment in November 2009. *See* Declaration of Brian Mills, November 24, 2009 ("Mills Declaration"), ¶ 1, docket #35-5 at 1. Through this affidavit, Plaintiffs were aware, or should have been aware, of facts on which the proposed amendment to add Mr. Mills and Mr. Harris was based for some time before the present motion was filed. *See Gates Learjet Corp.,* 823 F.2d at 387.

Plaintiffs argue that, while they desired to obtain discovery of Defendants' operational control sooner, they were delayed by discovery disputes with Defendants concerning documents and information needed to depose the corporate officers, by Defendants' insistence of a new scheduling order after the rulings on the certification and summary judgment motions, and by Defendants' two-month delay in producing Mr. Mills after Plaintiffs first requested the deposition. The Court finds these statements unsupported by the record; Plaintiffs have filed no affidavits nor other documentary evidence to support their argument. The Plaintiffs were the parties to file a motion to set a "case management conference" and set a discovery schedule [docket #88] and there is no indication in the motion that the request was initiated by or insisted upon by the Defendants. Moreover, there is

---

[3]In fact, "[a] corporate officer need not have an ownership interest in the company for FLSA liability." *Solis v. Universal Project Mgmt., Inc.*, No. H-08-1517, 2009 WL 4043362, at *3 (S.D. Tex. Nov. 19, 2009); *see also Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983) ("[p]ersonal liability has been found even against a corporate officer who lacks an ownership interest in the corporation") (citing *Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190, 194-95 (5th Cir. 1983) (corporate officer with no ownership interest held to be "employer" where he exercised pervasive control over business and financial affairs of corporation)).

nothing on the court's docket from the filing of Mr. Mills' affidavit in November 2009 through the Supplemental Scheduling Conference on December 14, 2010 revealing any motions or other evidence that the parties engaged in discovery disputes during that time frame. Notably, the Plaintiffs did file a motion to compel the production of requested discovery on January 4, 2011 [docket #93]; however, although Plaintiffs identified their discovery requests from September 2009 and May 2010, and produced documentation showing some discussion among counsel concerning disputes in late August/early September 2010 and in December 2010, there is no explanation for the delay in addressing these matters and bringing them to the Court's attention at such a late date.[4]

Most importantly, however, the Plaintiffs provide no explanation why it was necessary to wait to conduct a deposition of Mr. Mills and/or Mr. Harris to obtain information concerning operational control of the Defendants. Plaintiffs do not explain why they could not seek such information through written discovery requests or, if they did, why Defendants did not provide such information. Based on the foregoing, the Court finds that Plaintiffs have stated no adequate explanation for the delay in seeking to join Mr. Mills and Mr. Harris as Defendants in this case. *See Frank,* 3 F.3d at 1365-66; *see also Durham,* 18 F.3d at 840 ("[t]he unexplained delay alone justifies the district court's discretionary decision."). Accordingly, this Court recommends that the District Court deny Plaintiffs' motion to amend to join the two additional proposed defendants.

      B.      <u>Additional Factual Allegations Learned Through Discovery</u>

Plaintiffs also seek to add "additional details concerning their prior allegations based on the evidence obtained to date without changing the nature of the claims they assert." Motion, ¶ 16,

---

[4]In fact, Plaintiffs had notice on September 2, 2010 of the Defendants' refusal to produce the documentation requested in the January 4, 2011 motion. While the Court acknowledges that on October 7, 2010 a settlement conference was scheduled in this case for November 23, 2010, and the parties may have wished to avoid attorney's fees and costs during that six-week time period, there is no explanation for the delay in addressing discovery disputes either before or after that six-week period.

docket #121 at 4. In support of their motion, Plaintiffs argue that they "have merely added additional factual detail based on discovery, and have in no way altered the claims they are asserting in this case. Indeed, Plaintiffs' First Amended Complaint contains the same four counts as set forth in the original complaint." Reply, docket #152 at 5.

The Court finds that Plaintiffs have failed to articulate why justice requires that they be permitted to amend the Complaint to add additional factual allegations learned through discovery. Plaintiffs insist that such allegations in no way alter the substance of the original claims. Plaintiffs' claims are not currently subject to a motion to dismiss and their motions for class and collective action certification have already been filed and briefed. *See Beal Corp. Liquidating Trust v. Valleylab, Inc.*, 927 F. Supp. 1350, 1374 (D. Colo. 1996) (amendments adding factual allegations that did not affect the analyses of the parties' pending dispositive motions were futile). Moreover, an upcoming Final Pretrial Conference is scheduled for May 31, 2011 for which the parties will prepare a final pretrial order that will subsequently serve as the governing pleading in this matter. *See* Fed. R. Civ. P. 16(d).

Again, the Plaintiffs have articulated no adequate explanation for the delay and no reason why the Complaint must be amended at this stage of the litigation to add facts learned through discovery that have no practical purpose. Therefore, the Court recommends that the District Court deny Plaintiffs' motion to amend to add additional factual allegations to the original Complaint.

**II.     Plaintiffs' Proposed Amendments are Unduly Prejudicial**

In the Tenth Circuit, the "most important . . . factor in deciding a motion to amend the pleadings . . . is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id*. (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "As a general rule, a plaintiff should not be prevented from pursuing a valid

11

claim . . . 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Here, the Court believes permitting amendment of the Complaint to add two new defendants would unduly prejudice the Defendants at this late stage in the litigation. Although the discovery deadline has been extended to May 31, 2011, the extension was granted to accommodate the extensive needs of all parties in this conditionally certified collective action to prepare for trial.[5] Trial in this case is presently set to commence on July, 11, 2011. *See* docket #82. Adding new parties at this late stage likely would necessitate additional discovery and may change the thrust of the case. Defendants have pursued their defenses of the Plaintiffs' claims for nearly two years (Bass commenced this action on July 8, 2009) and are likely wrapping up discovery in order to begin preparations for trial. The Court concludes that, in consideration of the timing of the motion to amend related to the present trial schedule, granting Plaintiffs' motion as to the proposed class action claims would unduly prejudice Defendants. *See, e.g., Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (amendment proposed shortly before trial would be prejudicial, whereas amendment proposed before discovery occurred would not); *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming district court's denial of a motion to amend as the case "was near resolution and discovery had been completed"). Thus, in addition to finding undue delay, the Court recommends finding that Defendants would be unduly prejudiced by the addition of Plaintiffs' proposed amendments.

## III. Futility of the Amendments

---

[5] In fact, the dispositive motions deadline is set sooner – April 29, 2011 – in anticipation that most discovery necessary to prepare and draft summary judgment or decertification motions would be completed by then. Adding two new defendants within such a short time period would not allow for the discovery necessary to prepare such dispositive motions.

12

Defendants argue that the addition of the new defendants as set forth in the First Amended Complaint would be futile because the allegations are insufficient to state claims for individual liability under the FLSA against Mr. Mills and Mr. Harris. However, because I have concluded that Plaintiffs' proposed amendments are unduly delayed and unduly prejudicial, the Court need not proceed to analyze whether adding the new defendants would be futile.[6] *See Minter*, 451 F.3d at 1207-08.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court RECOMMENDS that Plaintiffs' Combined Motion for Leave to File First Amended Complaint and Add Party Defendants [filed February 15, 2011; docket #121] be **denied**.

Dated at Denver, Colorado this 5th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[6] Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b)(6) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the prolonged history of this case. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). The action was initiated nearly two years ago on July 8, 2009, the discovery deadline is now looming and the original trial date remains set at July 11, 2011. Continued argument about the application of Rule 15(a) in this matter will only serve to interfere further with the effective management of this case.