IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

    Plaintiff,

v.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

    Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    This matter comes before the Court *sua sponte*. On Friday, May 6, 2011, the Court held a previously scheduled Status Conference at which the Plaintiffs noted their recently filed motion to continue the July 11, 2011 Trial, which is currently pending before Judge Blackburn. Based upon my discussion with the parties, I respectfully recommend that the District Court grant the Plaintiffs' motion and continue the trial to a later date mutually acceptable to the District Court and the parties.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Shane Bass initiated this action on July 8, 2009, alleging, on behalf of himself and others similarly situated, that Defendants have failed to pay minimum wage by failing to reimburse employees for job-related expenses; failed to pay the costs, maintenance and cleaning of uniforms and other apparel; and denied gratuities owed and belonging to Plaintiffs. *See* Complaint, docket #1, at 1-2. This Court entered a Scheduling Order on September 18, 2009, and Judge Blackburn issued a Trial Preparation Conference Order on September 21, 2009. *See* dockets #20 & #21.

On November 2, 2009, Bass filed a motion for conditional collective action and class action certification. *See* docket #29. Shortly thereafter, on November 25, 2009, Defendants filed a motion for summary judgment on Bass' claims. Docket #35. On September 15, 2010, Judge Blackburn denied the Defendants' summary judgment motion, granted Bass' request for conditional certification of the collective action under the Fair Labor Standards Act ("FLSA"), and denied without prejudice Bass' request for class action certification for lack of evidence of numerosity pursuant to Fed. R. Civ. P. 23. *See* dockets #66 and #67. Plaintiffs filed an Amended Motion for Class Certification on October 4, 2010 (*see* docket #73), and that motion remains pending.

At last week's Status Conference, the Plaintiffs expressed concern that expert discovery has not been, and cannot be at this time, completed because the scope of the purported Rule 23 class has not been determined by an order on Plaintiffs' amended motion for class action certification. At the same time, Defendants have filed a Motion to Decertify Conditional Class, which Defendants assert the District Court should consider in its adjudication of Plaintiff's amended motion for class certification. Should briefing on Defendants' motion proceed in accordance with D.C. Colo. LCivR 7.1C, the motion will be ripe for adjudication on approximately June 10, 2011. Plaintiffs contend that, even if the Court were to rule on the certification motions then or in the near future, there would

be insufficient time before the July 11, 2011 trial within which to designate initial experts, designate rebuttal experts, and depose the experts, if necessary. In addition, if Plaintiffs' amended motion is granted, Plaintiffs assert they will require time within which to send notice to all potential Rule 23 class members.

## II.     Discussion

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). However, most discovery has proceeded in this case since the entry of the Scheduling Order; here, the Plaintiffs contend that they are unable to *complete* discovery due to the uncertainty of the scope of the purported Rule 23 class. Certainly, resolution of the amended motion for class certification and the motion to decertify may result in either a vast expansion or vast reduction of the claims, parties and issues in this case. This Court finds that the general interests of controlling the court's docket and the fair administration of justice require that the Plaintiffs' request to continue the current trial setting be granted. Consequently, the Court respectfully recommends that the District Court continue the June 24, 2011 trial preparation conference and July 11, 2011 trial setting to a date acceptable to the District Court and the parties following the disposition of the motions for class certification and for decertification.

## III.    Conclusion

Accordingly, for the reasons stated above, this Court respectfully RECOMMENDS that the District Court grant Plaintiff's' Motion to Continue Trial Setting and continue the June 24, 2011 trial preparation conference and July 11, 2011 trial setting to dates acceptable to the District Court and

the parties following the disposition of the motions for class certification and for decertification.

Should the District Court accept this recommendation and grant the Plaintiffs' motion to continue, this Court will set a supplemental scheduling conference at which the parties should be prepared to discuss resolution of any remaining discovery issues and set final scheduling deadlines. However, if the District Court rejects this recommendation and denies the Plaintiffs' motion, all existing scheduling deadlines will remain in effect and the Final Pretrial Conference will proceed on May 31, 2011 as scheduled.

Dated at Denver, Colorado, this 9th day of May, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge