## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Robert E. Blackburn, Judge

Civil Case No  09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

      Plaintiff,

vs.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

      Defendants.

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

---

**Blackburn, J.**

      This matter is before me on the **Plaintiff's Amended Motion for Class Certification and Memorandum In Support** [#73][1] filed October 4, 2010. The defendants filed a response [#83], and the plaintiffs filed a notice of supplemental authority [#84].  I grant the motion.

## I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

---

[1]   "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  BACKGROUND

This case concerns claims under the Fair Labor Standards Act (FLSA), 29 U.S.C.

§§ 201 - 219 and under the Colorado Minimum Wage of Workers Act (CMWWA), §§8-6-

101 - 8-6-119, C.R.S.  The plaintiffs were employed by the defendants as pizza delivery

drivers.  The plaintiffs allege that the defendants violated the FLSA and the CMWWA

because the defendants failed to pay the plaintiffs and others similarly situated the

minimum hourly wage required by the FLSA and the CMWWA.  The plaintiffs allege

that, as a condition of their employment, they were required to maintain and pay for

operable, safe, and legally-compliant cars for use in delivering pizza and other food.  In

addition to these car expenses, the plaintiffs allege that, as a condition of their

employment, they were required to incur other job-related expenses, including uniform

and special apparel expenses, cellular telephone expenses, and other expenses.  The

plaintiffs say there were paid an hourly wage at or near the federal minimum wage plus

a set amount for each delivery as partial reimbursement for their car expenses.

Ultimately, the plaintiffs contend that their compensation minus the costs they were

required to incur as a condition of their employment resulted in payment of hourly

wages to them that were below the minimum wage required by the FLSA and the

CMWWA.  The plaintiffs allege also that certain requirements imposed on delivery

drivers employed by the defendants in Colorado violate the provisions of the CMWWA.

On behalf of themselves and other employees of the defendants who are or were

similarly situated, the plaintiffs seek an award of compensatory damages, attorney fees,

and costs.

Previously, the court certified the plaintiffs' claims as a collective action under the

FLSA, as permitted by 29 U.S.C. § 216(b), part of the FLSA.  The FLSA collective

action includes delivery drivers employed by the defendants in both Colorado and

Minnesota.  In addition, the plaintiffs seek to have their claims under the CMMWA

certified as a class action, under FED. R. CIV. P. 23.  The plaintiffs seek this certification

on behalf of delivery drivers employed by the defendants in Colorado.

### III.  CLASS ACTION CERTIFICATION - CMWWA CLAIMS

For the purpose of resolving the plaintiff's claims under the CMWWA, the plaintiff

seeks certification of a class of plaintiffs consisting of

> all current and former delivery drivers employed by defendants in the
> State of Colorado during the applicable statute of limitations.

The CMWWA is not applicable to the defendants' Minnesota employees and those

employees are not properly included in a class concerning those claims.

Under FED. R. CIV. P. 23, a class may be certified if several requirements are

met.  Rule 23(a) includes the following requirements: 1) the class is so numerous that

joinder of all members is impracticable; 2) there are questions of law or fact common to

the class; 3) the claims or defenses of the representative parties are typical of those of

the class, and; 4) the representative parties adequately will protect the interests of the

class.  If the requirements of Rule 23(a) are satisfied, then one of the alternative

requirements outlined in Rule 23(b) also must be met.  Class certification is a matter

committed to the discretion of the trial court.  ***Anderson v. City of Albuquerque***, 690

F.2d 796, 799 (10th Cir. 1982).  A certified class may be altered, expanded, subdivided,

or abandoned as the case develops.  ***See, e.g., Daigle v. Shell Oil Co.***, 133 F.R.D. 600

(D. Colo. 1990); ***Dubin v. Miller***, 132 F.R.D. 269, 270-75 (D. Colo. 1990).

> (A) district court may not evaluate the strength of a cause of action at the
> class certification stage, but it must determine, without passing judgment
> on whether plaintiffs will prevail on the merits, whether a plaintiff has
> satisfied the provisions of Rule 23.

3

*Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir.2009) (internal quotation and citation omitted).

<u>23(a)(1) - Numerosity</u>

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all members of the class is impracticable.  There is no minimum numerical threshold which must be exceeded to satisfy this requirement.  Rather, the nature of the particular case, and the nature of the proposed class, are key considerations in determining whether joinder of all parties is not practical.  ***See, e.g., Horn v. Associated Wholesale Grocers, Inc.***, 555 F.2d 270, 274-76 (10th Cir. 1977).

The plaintiffs submitted evidence concerning six of the defendants' Colorado stores which shows that each store employed between 6 and 20 delivery drivers at any one time.  *Motion* [#73], Exhibits 2 - 6.  Considering only the evidence of the number of drivers employed at the six stores described in those exhibits, the evidence shows that 50 drivers, and likely many more, are members of the proposed class.  Joinder of this many plaintiffs in an action such as this one certainly is not practical.  The plaintiffs' proposed class satisfies the numerosity requirement of Rule 23(a)(1).  Notably, during the relevant time, the defendant operated 40 additional stores in Colorado, indicating that a significantly larger number of delivery drivers probably are included in the plaintiffs' proposed class.

<u>23(a)(2) - Common Questions of Law or Fact</u>
<u>&  23(a)(3) - Typicality</u>

Rule 23(a)(2) requires that the claims of members of a proposed class present "common questions of law or fact."  Complete identity of legal claims among class members is not required.  Rather, the provision requires that there be two or more

issues whose resolution will affect all or a significant number of the members of the proposed class. *See Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982). Rule 23(a)(3) requires that the claims of a proposed class representative be typical of the claims of the class. "The commonality and typicality requirements tend to merge," but both "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated . . . ." *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982). The United States Court of Appeals for the Tenth Circuit has said that the typicality requirement is satisfied if there are common questions of law or fact. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983); *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).

It is not difficult to find common factual and legal questions within a class of plaintiffs who allegedly held similar positions in the defendants' Colorado stores and allegedly have been paid wages by the defendants under circumstances that cause the plaintiffs to be paid wages below the minimum required by the CMWWA. Among the common questions of law and fact are

1) The nature of the defendants' allegedly improper policies;

2) Whether the defendants' policies and conduct, if proven, substantiate one or more of the CMWWA claims asserted by the plaintiffs; and

3) What relief, if any, should be granted if one or more of the plaintiff's CMWWA claims is proven.

Resolution of each of these issues would affect all or a significant number of the members of a class of plaintiffs who may have been harmed by the defendants' alleged actions.

A plaintiff's claim is typical of class claims if it challenges the same conduct that

would be challenged by the class.  *See, e.g., Johnston v. HBO Film Management*, *Inc.*, 265 F.3d 178, 184 (3rd Cir. 2001).  Factual differences among individual claims do not defeat typicality, as long as the legal theory underlying the plaintiff's claims is the same.  *Id*.  The plaintiff's claims challenge the same conduct that would be challenged by a plaintiff class, and there is a broad base of common factual and legal issues among the claims of the proposed plaintiff class.  The plaintiff's proposed class satisfies the commonality and typicality requirements of Rule 23(a)(2) and (3).

23(a)(4) - Adequate Representation

Rule 23(a)(4) requires that a proposed class representative adequately protect the interests of the class as a whole.  This requirement is intended to ensure that a class representative has sufficient interests in common with the class that the representative adequately will assert and protect the interests of the class.  The adequate representation requirement of Rule 23(a)(4) concerns both the competence of the class representative's counsel, and the representatives' willingness and ability to control the litigation and to protect the interests of the class as a whole.  *See, e.g., Horton v. Goose Creek Independent School District*, 690 F.2d 470, 484 (5th Cir. 1982).

On the current record, I conclude that there is ample evidence that the named plaintiff, Shane Bass, is willing and able to control the litigation and to protect the interests of the class as a whole with regard to the CMWWA claims.  As discussed further, below, I conclude also that counsel for the named plaintiff have demonstrated ample competence to represent the named plaintiff and the class in this case.

### III.  RULE 23(b)(3)

The plaintiffs seek class certification under Rule 23(b)(3), which provides:

**(b) Class Actions Maintainable.**  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
* * * * *
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The plaintiff alleges that the defendants have acted on grounds generally applicable to the members of the class and, if the plaintiff is able to establish some or all of their CMWWA claims, then relief on a class-wide basis likely will be appropriate.  As to the CMWWA claims, common questions of law and fact predominate over questions that affect only particular members of the class.  Nothing in the record indicates that members of the class hold a significant interest in controlling individually separate actions on their CMWWA claims, and there is no indication that other litigation has been commenced on these issues.  In terms of efficiency for the parties and for the court, a class action is superior to individual suits in the effort to achieve a fair and efficient adjudication of the plaintiffs' claims.  The record does not indicate that management of this case as a class action will present difficulties so significant that class certification on the CMWWA claims should be denied.  Having considered the four factors specified in Rule 23(b)(3), I conclude that these factors do not weigh significantly against the certification of a class in this case.

## IV.  RULE  23(g)

Under Rule 23(g), the court must appoint class counsel when a class is certified. Factors relevant to the appointment of class counsel are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.  The expertise and qualifications of proposed class counsel are set forth in the declarations of Richard Paul and Mark Potashnick, including associated exhibits.  *Motion*, Exhibits 1, 7.  Based on counsel's specialized experience in the relevant areas of law, and the conduct of plaintiff's counsel to date in this case, I conclude that the plaintiff's counsel satisfies the requirements outlined in FED. R. CIV. P. 23(g).  Plaintiff's counsel are amply qualified to act as counsel for a plaintiff class.

## V.  SUPPLEMENTAL JURISDICTION

In their response to the plaintiffs' motion, the defendants argue that the court should decline to exercise supplemental jurisdiction over the CMWWA claims because management of a case involving a FLSA collective action on behalf of Colorado and Minnesota delivery drivers in combination with a Rule 23 class action on behalf of Colorado delivery drivers asserting CMWWA claims would be unwieldy.[2]   Under 28 U.S.C. § 1367 (c), a federal court may decline to exercise supplemental jurisdiction over a state law claim if the claim raises novel or complex issues of state law, the claim

---

[2]  In their Complaint [#1], the plaintiffs assert that the court has supplemental jurisdiction over their CMWWA claim under 28 U.S.C. § 1367.  In their reply [#84] in support of their present motion, the plaintiffs argue that the court has jurisdiction also under 28 U.S.C. § 1332 (d), part of the Class Action Fairness Act (CAFA).  That statute requires an amount in controversy in excess of five million dollars.  On the current record, it is far from clear that this jurisdictional threshold has been crossed in this case.

substantially predominates over the claim over which the court has original jurisdiction, the court has dismissed all claims over which it has original jurisdiction or, in exceptional circumstances, there are other compelling reasons to decline jurisdiction. This case does not present such circumstances.

As the defendants note, a FLSA collective action differs from a Rule 23 class action.  Notably, each plaintiff in a FLSA collective action must opt-in to the collective action, while a Rule 23 class action creates an opt-out class of plaintiffs.  All persons who fall within the definition of a Rule 23 class are members of the class unless they opt-out.  Plaintiffs participating in an FLSA collective action generally are subject to individualized discovery, while members of a Rule 23 plaintiff class are not.  With these differences in mind, the defendants rely on the rationale articulated by Chief United States District Judge Wiley Y. Daniel in *In re American Family Insurance Co.*, 638 F.Supp. 2d 1290, 1298 (D. Colo. 2009).  In *American Family*, Chief Judge Daniel declined to exercise supplemental jurisdiction over four proposed Rule 23 plaintiff classes asserting wage claims under the laws of four different states, not including Colorado, in a case that included also a FLSA collective action.  Chief Judge Daniel questioned whether the "values of judicial economy, convenience, and fairness are served by exercising supplemental jurisdiction over 'hybrid' actions." *Id*. at 1299.  In addition, he expressed concern that the state law claims would predominate substantially over the FLSA claim, a consideration relevant to a federal court's discretionary exercise of supplemental jurisdiction. *Id*. at 1299; 28 U.S.C. § 1367 (c).

Chief Judge Daniel noted that many possible FLSA plaintiffs in his case had chosen not to participate in the FLSA collective action. *Id*. at 1298.  He concluded that aggregation of Rule 23 opt-out classes, which would include plaintiffs who had chosen

not to participate in the FLSA action, with the FLSA action would undermine "Congress's intent to limit the number of plaintiffs in a FLSA action to those who asserted claims in their own right and its desire to free employers from the burden of representative actions." *Id*. (internal quotation and citation omitted).

Under the circumstances of the present case, which differ substantially from the circumstances of ***American Family***, I conclude that aggregation of the FLSA collective action and the CMWWA Rule 23 class in one case does not present difficulties that justify my exercise of discretion to decline to exercise supplemental jurisdiction over the CMWWA claims.  If I decline to exercise supplemental jurisdiction over the CMWWA claims, the likely alternative is that the plaintiffs would file a Rule 23 class action asserting those claims in state court, while the FLSA collective action remains pending in this court.  Two parallel actions would not serve the interests of judicial economy, convenience, and fairness.  The evidence in both cases would be almost identical and, with parallel actions, that evidence would be presented to two different forums rather than one.  A combined action would require only one presentation of this evidence.

In addition, there is little indication that Congress's intent to limit the number of plaintiffs in a FLSA collective action would be better served by requiring two parallel actions rather than one combined action.  Whether the FLSA and CMWWA claims proceed in one court or separate courts, the FLSA collective action plaintiffs still will be required to opt-in to pursue their FLSA claim, and the Rule 23 class CMWWA plaintiffs still will be members of an opt-out class.  The cases indicate that some courts fear that the number of plaintiffs in a FLSA opt-in collective action will be expanded when a FLSA case is combined in one case with a Rule 23 opt-out class action involving a similar claim.  While it is conceivable that members of a Rule 23 class might, by virtue of their

membership in the class, decide to opt-in to a FLSA collective action, that conception in this case is based on speculation.  Several plaintiffs have opted into the FLSA collective action in this case.  Beyond speculation, there is little or no indication that creation of a Rule 23 opt-out class for the CMWWA claim necessarily will expand the number of opt-in plaintiffs in the FLSA claim.

Logistically, management of a case with two groups of plaintiffs presents some challenges, but those challenges are far from insurmountable.  The members of the FLSA group is easily determined because each individual plaintiff must opt-in.  The members of the Rule 23 class can be determined just as the members of such a class are determined in any class action.  Ultimately, if either plaintiff group is entitled to any relief, the scope of each group and the standards applicable to each group will be readily determinable.  Notably, the prospect of an award from a state court under the CMWWA and a separate award from a federal court under the FLSA presents the possibility of conflicting judgments or double recovery for some plaintiffs.  Those risks are obviated by resolving both claims in one case.

Finally, there is no indication that the claims of a CMWWA Rule 23 class would predominate in this case over the similar claim in the FLSA collective action.  The evidence relevant to the two claims is essentially the same.  The big difference between the two claims is the amount of the minimum wage applicable under the two acts.  This difference in the applicable standard and the fact that the CMWWA opt-out class will include some employees not included in the FLSA collective action, without more, do not show that the CMWWA claim will predominate substantially in this case.

## VI.  CONCLUSION

I conclude that the plaintiff has satisfied the requirements of FED. R. CIV. P. 23 for certification of a class of plaintiffs for prosecution of the plaintiff's claim under the CMWWA and that the named plaintiff, Shane Bass, satisfies the requirements for a class representative.  I conclude also that Bass's counsel  are amply qualified to act as counsel for a plaintiff class.  Finally, given the circumstances of this case, I will not exercise my discretion under 28 U.S.C. § 1367 to decline to exercise supplemental jurisdiction over the plaintiff's CMWWA claims.

## VII.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Amended Motion for Class Certification and Memorandum In Support** [#73] filed October 4, 2010, is **GRANTED** on the terms stated in this order;

2.  That the plaintiff class for prosecution of claims under the Colorado Minimum Wage of Workers Act (CMWWA), §§8-6-101 - 8-6-119, C.R.S.  **IS DEFINED** as

> All current and former delivery drivers employed by defendants in the State of Colorado during the applicable statute of limitations;

3.  That George A. Hanson and Richard M. Paul III of the law firm of Stueve Siegel Hanson LLP, and Mark A. Potashnick of the law firm of Weinhaus & Potashnick, are **APPOINTED** as counsel for the plaintiff class;

4.  That on or before **June 30, 2011**, the plaintiff **SHALL FILE** with the court a proposed form of notice to members of the class, and a proposal for directing the notice to the members of the class, in compliance with FED. R. CIV. P.  23(c)(2)(B); and

     5.  That the deadlines for the defendants to file a response to the plaintiffs' notice

proposals, and the plaintiffs' reply, **SHALL BE GOVERNED** by D.C.COLO.LCivR 7.1C.

     Dated June 1, 2011, at Denver, Colorado.

                                 **BY THE COURT:**

                                 Robert E. Blackburn
                                 United States District Judge