**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No 09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

    Plaintiff,

vs.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

    Defendants.

## ORDER GRANTING MOTION TO CONTINUE TRIAL

**Blackburn, J.**

This matter is before the court on the following: (1) **Plaintiff's Motion To Continue Trial Setting** [#181][1] filed May 3, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#186] filed May 9, 2011. The magistrate judge recommends that the motion to continue be granted. The defendants filed an objection [#192] to the recommendation. The defendants argue that the trial should not be continued.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the plaintiffs' objections, and the applicable law. I overrule the

---

[1] "[#181]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

objection, approve and adopt the recommendation, and grant the motion.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*,175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

This case concerns claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 - 219 and under the Colorado Minimum Wage of Workers Act (CMWWA), §§8-6-101 - 8-6-119, C.R.S. The plaintiffs were or are employed by the defendants as pizza delivery drivers. The plaintiffs allege that the defendants violated the FLSA and the CMWWA because the defendants failed to pay the plaintiffs and others similarly situated the minimum hourly wage required by the FLSA and the CMWWA. The court conditionally has certified this case as a collective action under the FLSA. Recently, the defendants filed a motion [#176] to decertify the conditional class based on the discovery exchanged by the parties since the conditional certification. In addition, the defendants filed recently a motion [#175] for summary judgment on the plaintiff's FLSA and CMWWA claims. Finally, the plaintiff Shane Bass's motion for certification of a class of plaintiffs asserting claims under the CMWWA is fully briefed and is pending.

A jury trial is set to begin on July 11, 2011. Given the circumstances described above, I conclude that this trial date is not tenable. Most important, if the Bass's motion for class certification is granted, then some time is necessary to permit Bass to notify potential members of the CMWWA class and to complete discovery concerning the claims of the plaintiff class. In addition, the defendants' recent motion to decertify the FLSA collective action is not fully briefed. Resolution of that motion will have a significant effect on the complexion of this case as trial approaches. Of course, it also is possible that the defendants' motion for summary judgment will be granted and the need for a trial will be obviated. Continuance of the trial date will not slow resolution of the motion for summary judgment.

Applying the *West* factors, I conclude as follows. All parties to this case have proceeded with reasonable diligence. Assuming some or all of the claims go forward, a continuance of the trial date will serve the purposes of a) permitting notice to any certified Rule 23 class to be accomplished; b) permitting the completion of discovery necessary to the prosecution of claims by such a class; and c) permitting a reasonable time for resolution of the defendants' pending motions before trial. Continuance of the trial date will cause some inconvenience to the defendants, who seek to resolve this case as soon as possible. No matter how the currently pending motions are resolved, continuance of the trial date will serve the purpose of achieving a fair and efficient resolution of the claims at issue in this case. Again assuming some or all of the claims survive the currently pending motions, a trial on those claims would not be fair or efficient, considering the issues that yet must be resolved in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#186] filed May 9, 2011, is **APPROVED**;

2. That the **Plaintiff's Motion To Continue Trial Setting** [#181] filed May 3, 2011, is **GRANTED**;

3. That the Trial Preparation Conference set for June 24, 2011, at 2:00 p.m. is **VACATED**;

4. That the trial set for July 11, 2011, beginning at 8:30 a.m., is **VACATED**;

5. That the **Trial Preparation Conference Order** [#82] filed October 25, 2010, is **AMENDED** as stated in this order;

6. That counsel **SHALL CONTACT** the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **July 1 , 2011, at 10:30 a.m.**, to reschedule the Trial Preparation Conference and trial; and

7. That otherwise, the **Trial Preparation Conference Order** [#82] filed October 25, 2010, **SHALL REMAIN** in full force and effect.

Dated June 1, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

4