IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01614-REB-MEH

SHANE BASS, individually and on behalf of other similarly situated persons,

    Plaintiffs,

v.

PJCOMN ACQUISITION CORP.,
PJCOMN LLC, and
ESSENTIAL PIZZA, INC., d/b/a "PJCOMN,"

    Defendants.

## ORDER ON MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion to Compel Essential Pizza, Inc. to Either Stipulate to Extrapolation of Data or Produce Documents [filed October 19, 2011; docket #251].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for disposition.  For the reasons that follow, Plaintiffs' motion is **denied without prejudice**.

    Plaintiff initiated this action on July 8, 2009.  In essence, Plaintiff Shane Bass, on behalf of himself and others similarly situated, alleges that Defendants have failed to pay minimum wage and have failed to reimburse employees for job-related expenses in violation of the Fair Labor Standards Act ("FLSA").  *See* Complaint, docket #1, at 1-2.  On September 29, 2011, Defendant PJCOMN Acquisition Corporation filed a Notice of Bankruptcy Filing in this matter.  *See* docket #243.  The notice reflects that PJCOMN Acquisition Corporation filed a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the District of Maryland on September 27, 2011.  *Id.*

    Through the present motion, the Plaintiffs contend that, despite the notice of bankruptcy filing, this action should proceed against the remaining non-bankrupt Defendants, Essential Pizza,

Inc. and PJCOMN, LLC. In particular, Plaintiffs argue that Essential Pizza should be ordered to comply with this Court's September 26, 2011 order to "enter a stipulation for extrapolation of data [concerning employee hours worked, total pay and driver reimbursements] or [provide] the requested information," which is in the possession, custody and control of its subsidiary, PJCOMN Acquisition Corp. *See* Order, docket #241. Plaintiffs claim that, because the automatic bankruptcy stay does not apply to Essential Pizza and because a parent corporation may be ordered to produce documents in the possession, custody or control of its subsidiary, this Court should order non-bankrupt Essential Pizza to produce documents held by bankrupt PJCOMN Acquisition Corp.

Defendants counter that Essential Pizza is merely the holding company whose only asset is PJCOMN Acquisition Corp. As such, Essential Pizza is in possession of none of the information or documents requested by Plaintiffs. According to Defendants, an order requiring PJCOMN Acquisition Corp. to produce the requested documents would violate the automatic bankruptcy stay. Defendants contend that Plaintiffs have failed to meet their burden of providing the Court with legal authority supporting their request to compel a parent company to produce documents in the possession, custody and control of its bankrupt subsidiary.

While the Plaintiffs are correct that an automatic stay does not necessarily attach to a bankrupt defendant's co-defendants,[1] and that a parent company may be ordered to produce documents possessed by its subsidiary,[2] no party has provided the Court with legal authority concerning the very specific issue raised in this matter: whether this Court may order Defendant

---

[1] *See Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) ("[§ 362] (a)(1) is generally said to be available only to the debtor, not third-party defendants or co-defendants") (quoting *AH Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

[2] *See American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426, 457 (W.D.N.Y. 2004) (citing *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002)).

2

Essential Pizza, Inc., a non-bankrupt holding company, to produce documents in the possession, custody or control of its subsidiary, Defendant PJCOMN Acquisition Corporation, which itself is subject to an automatic stay of proceedings as a result of its bankruptcy filing.

The Court finds that this question is properly answered by the Bankruptcy Court for the District of Maryland where PJCOMN Acquisition filed its bankruptcy action. Bankruptcy courts have jurisdiction over both "core" proceedings (proceedings which have no existence outside of bankruptcy) and related proceedings (civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court). *See In re Gardner*, 913 F.2d 1515, 1517-18 (10th Cir. 1990); *see also* 28 U.S.C. § 157.

> The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.

*In re Gardner*, 913 F.2d at 1518 (quotations and citations omitted).

An automatic stay pursuant to 11 U.S.C. § 362(a) prevents a creditor from taking further action against a debtor (including "harassment") except through the bankruptcy court. *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (citing *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991)). Whether an automatic stay has been (or may be) violated is a "core proceeding" that is properly before a bankruptcy court. *Id.* ("[a] § 362(k)(1) proceeding is a core proceeding because it 'derives directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case.'") (quoting *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006)).

In this case, it is not clear that Plaintiffs' demand for production from the parent of data in the possession, custody or control of its bankrupt subsidiary, which is subject to an automatic stay,

3

is a "core proceeding" that must necessarily be brought before the bankruptcy court.[3] However, it *is* clear to this Court that determination of the issue "could conceivably have an effect on the estate being administered in bankruptcy." *See In re Gardner*, 913 F.2d at 1518. Thus, this "related" issue might be addressed in either the district court or the bankruptcy court. *Id.*

However, one of the purposes of the automatic stay is to "ensure that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts." *In re Towner Petroleum Co.*, 48 B.R. 182, 185 (W.D. Okla. 1985) (quoting *Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2d Cir. 1976)). Thus, if an automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court. *Chao v. Hospital Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001). Although non-bankruptcy courts may issue orders that are consistent with 11 U.S.C. § 362, such an order may be rendered void if it is later determined by the bankruptcy court that the order violates the automatic stay. *Id.*

In addition, the Court acknowledges that certain actions, including requests for discovery, may be taken against a debtor without violating an automatic bankruptcy stay. *See In re Miller*, 262 B.R. 499, 505 (9th Cir. 2001) (discovery pertaining to claims against a bankrupt's co-defendants was not stayed, even if the discovery required a response from the debtor and even if the information discovered could later be used against the debtor). However, to avoid the risk of issuing an order that may violate the automatic stay in this case and be rendered void, the Court concludes that justice and efficiency would be better served by directing the parties in this case to bring the matter before

---

[3]That is, it is unclear whether compelling document production from Essential Pizza would be considered a proceeding against the debtor, PJCOMN Acquisition Corp., and an act to obtain possession of, or exercise control over, property of the estate. *See* 11 U.S.C. § 362(a)(1), (3).

the bankruptcy court in Maryland. *See In re Richard B. Vance & Co.*, 289 B.R. 692, 698 (C.D. Ill. 2003) ("... the better procedure is to raise the issue of the continuation of pending multi-defendant litigation with the bankruptcy court as soon as possible. The bankruptcy court is the proper forum to address whether the litigation may proceed without adversely affecting the bankruptcy case and whether, for valid bankruptcy reasons, the litigation ought to go forward against the debtor as well as the non-debtor co-defendants.")

Accordingly, for the reasons stated above, this Court **denies without prejudice** Plaintiffs' Motion to Compel Essential Pizza, Inc. to Either Stipulate to Extrapolation of Data or Produce Documents [filed October 19, 2011; docket #251] and directs the parties to bring this matter before the Bankruptcy Court for the District of Maryland.

Dated at Denver, Colorado, this 8th day of November, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge